UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re. <br><br> JAMES PATRICK GONZALES, <br><br> Plaintiff. <br> _____ / | No. C 07-2373 MHP (pr) <br> No. C 07-3166 MHP (pr) <br> No. C 07-3289 MHP (pr) <br> No. C 07-3517 MHP (pr) <br> No. C 07-3691 MHP (pr) <br> No. C 07-3978 MHP (pr) <br> No. C 07-4019 MHP (pr) <br> No. C 07-5427 MHP (pr) <br><br> **ORDER TO SHOW CAUSE RE. CONTEMPLATED DISMISSAL AND PAUPER STATUS** |

James Patrick Gonzales, formerly a prisoner at Salinas Valley State Prison, has filed eight pro se civil rights complaints under 42 U.S.C. § 1983 and applied to proceed in forma pauperis. The actions are now before the court for consideration of the pauper applications because of Gonzales' litigation history.

A prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of

1 Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a
2 case that is "'of little weight or importance: having no basis in law or fact,'" and the word
3 "malicious" refers to a case "filed with the 'intention or desire to harm another.'" Andrews v.
4 King, 398 F.3d 1113, 1121 (9th Cir. 2005) ("Andrews I") (citation omitted). Only cases
5 within one of these three categories can be counted as strikes for § 1915(g) purposes, so the
6 mere fact that Gonzales has filed many cases in the past does not alone warrant dismissal
7 under § 1915(g). See id. Rather, dismissal of an action under § 1915(g) should only occur
8 when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant
9 information, the district court determines that the action was dismissed because it was
10 frivolous, malicious or failed to state a claim." Id.

11 Andrews I requires that the prisoner be given notice of the potential applicability of
12 § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear
13 the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. Id.
14 Andrews I implicitly allows the court to sua sponte raise the § 1915(g) problem, but requires
15 the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g)
16 dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing
17 the action. See id. at 1120. A dismissal under § 1915(g) means that a prisoner cannot
18 proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he
19 pays the full filing fee at the outset of the action.

20 A review of the dismissal orders and docket sheets in Gonzales' prior prisoner actions
21 in this court reveals that Gonzales has had at least three such cases dismissed on the ground
22 that they were frivolous, malicious, or failed to state a claim upon which relief may be
23 granted.[1] Gonzales is now given notice that the court believes the following dismissals may
24 be counted as dismissals for purposes of § 1915(g): (1) Gonzales v. USA, N. D. Cal. Case
25 No. C 98-3060 MHP (civil rights action dismissed as frivolous), (2) Gonzales v. Doe, N. D.
26 Cal. Case No. C 99-5290 MHP (civil rights action dismissed for failure to state a claim);
27 (3) Gonzales v. Santa Clara Dept., N. D. Cal. Case No. C 00-2461 MHP (civil rights action
28 dismissed as frivolous and malicious); and (4) Gonzales v. Evans, N. D. Cal. Case No. C 06-

2

3108 JW (civil rights action dismissed for failure to state a claim). The court made its evaluation based on the dismissal orders. See Andrews I, 398 F.3d at 1120.

In light of these dismissals, Gonzales is ORDERED TO SHOW CAUSE in writing filed no later than **February 20, 2008** why in forma pauperis should not be denied and each of these actions should not be dismissed pursuant to 28 U.S.C. § 1915(g). Gonzales need not file a written response in each case: it is sufficient if he files his written response in the lowest numbered case, i.e., Case No. C 07-2373 MHP (pr).

The court notes that Gonzales has included in several complaints allegations that he was in imminent danger. The court does not today rule whether the allegations in each complaint are sufficient to bring the case within the exception in § 1915(g) for a prisoner "under imminent danger of serious physical injury," and instead will await Gonzales' written response to rule in each case whether § 1915(g) applies. Thus, Gonzales may stand on the allegations already made in each complaint or may further explain in his written response to the order to show cause why he was in imminent danger at the time he filed each action. By awaiting receipt of the written response to the order to show cause, the court should be able to issue a single decision in each case that decides all issues relating to the § 1915(g) question (e.g., whether all the dismissals identified belong to the same plaintiff, whether all the dismissals identified can be counted as dismissals for purposes of § 1915(g), and whether the imminent danger exception applies). As to those cases in which pauper status is allowed (or a fee is paid), the court will do the initial screening of the prisoner complaints under 28 U.S.C. § 1915A.

In the alternative to showing cause why each action should not be dismissed, Gonzales may avoid dismissal by paying the full $350.00 filing fee by the deadline for each of the referenced cases.

IT IS SO ORDERED.

Dated: January 18, 2008

_____
Marilyn Hall Patel
United States District Judge

# **NOTE**

1. Various court records indicate that plaintiff apparently has used at least three different names over the years: James Patrick Gonzales, Jimmy Otero Gonzales, and James Lara Gonzales. Gonzales stated he used both James Patrick Gonzales and Jimmy Otero Gonzales in pages 1-2 of his complaint in <u>Gonzales v. Director of Corrections</u>, Case No. C 99-1025 MHP. He listed his name as James Lara Gonzales in the complaint in <u>Gonzales v. Valdez</u>, C 07-3978 MHP, but used the same CDC number as James Patrick Gonzales, and submitted an <u>in forma pauperis</u> application with a trust account statement for James Patrick Gonzales. His aliases also are listed on the docket sheets in his actions in the U.S. District Court for the District of Arizona. <u>See, e.g.,</u> <u>Gonzales v. Corrections Corp. of America</u>, D. Ariz. Case No. 03-CV-409-CLH-JRI; <u>United States v. Gonzales</u>, D. Ariz. Case No. 01-CR-783 DCB-NFF (attached as an exhibit to the complaint in <u>Gonzales v. Director</u>, Case No. C 07-3691 MHP (pr).